NO. 07-04-0449-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 20, 2004


______________________________



RAFEEQ YAASEENIBNSIDDEEQ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64th DISTRICT COURT OF HALE COUNTY;



NO. a 15593-0408; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



ON MOTION TO DISMISS



__________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Rafeeq Yaaseenibnsiddeeq, by and through his attorney, has filed a
motion to dismiss this appeal because he no longer desires to prosecute it. Without
passing on the merits of the case, we grant the motion to dismiss pursuant to Texas Rule
of Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal
at appellant's request, no motion for rehearing will be entertained, and our mandate will
issue forthwith.

 Brian Quinn

 Justice

Do not publish.



 the Herseys' motion we directed Risinger-Hersey to explain
her failure to timely file a brief. See Tex. R. App. P. 38.8(a)(1).

 Risinger-Hersey has filed a response to the motion to dismiss. In that document
she provides information concerning efforts to settle the dispute omitted from the Herseys'
motion. She agrees these parties "entered a written settlement agreement" on April 5,
2004, and that both parties drafted closing documents. In the course of resolving the
differences between those drafts the Herseys filed a motion to compel the settlement
agreement in the trial court. According to Risinger-Hersey the trial court held hearings in
July and September at which the remaining differences were resolved, and a conforming
document was prepared and sent to counsel for the Herseys. Risinger-Hersey further
states that when the executed document was returned, it indicated execution by Cynthia
Hersey on a date in August prior to the final revisions. On October 4, 2004, two days
before the Herseys' motion to dismiss was filed, Risinger-Hersey asserts, she signed the
written settlement agreement, provided it to counsel for the Herseys, and subsequently
paid the Herseys $25,000 in conformity with the agreement. She also asserts she has not
received copies signed by the Herseys after the final revisions. No signed agreement has
been filed or attached to Risinger-Hersey's response.

 In her response, Risinger-Hersey states she "has no objection to" dismissal of her
appeal as long as we also dismiss the Herseys' cross-appeal as to her. She then prays for
dismissal of those appeals as moot based on the settlement agreement.

 The Rules of Appellate Procedure under which we must operate authorize dismissal
of an appeal only in specific circumstances. Voluntary dismissals may be made when an
appellant requests dismissal of her own appeal; parties may file a written agreement
seeking another disposition. Tex. R. App. P. 42.1(a). We may involuntarily dismiss an
appeal for want of jurisdiction, for want of prosecution, or as a sanction. Tex. R. App. P.
42.3. 

 The Herseys' motion to dismiss was for want of prosecution due to Risinger-Hersey's failure to timely file a brief. See Tex. R. App. P. 38.8(a), 42.3(b). We find
Risinger-Hersey's response showing the exchange of settlement documents for execution
before the due date for her brief adequately explains her failure to file a brief and we will
not dismiss her appeal on that basis at this time. 

 Risinger-Hersey's response seeks dismissal of her appeal and the Hersey's cross-appeal as moot. Because mootness deprives a court of subject-matter jurisdiction, State
Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994), dismissal would be proper under
Rule 42.3(a). However, the record before us fails to show the controversy between these
parties is moot. Neither party has filed a document signed by the parties to the appeals
establishing the issues presented in these appeals have been settled. 

 Moreover, we may not grant voluntary dismissal or other disposition of the appeals
under Rule 42.1(a). Risinger-Hersey's response is not fairly read as a request to dismiss
her appeal under Rule 42.1(a)(1) because the request is conditioned on dismissal of the
cross-appeal. We may not dismiss the cross-appeal because the Herseys' have not
requested dismissal and no party has filed an agreement seeking a disposition in
accordance with Rule 42.1(a)(2). 

 Both appeals are continued on the court's docket. Risinger-Hersey's appeal will be
subject to dismissal for want of prosecution if she has not filed a brief within 30 days from
the date of this order. Any party may establish the appeals have become moot and seek
dismissal for want of jurisdiction, seek voluntary dismissal by motion (which may be in the
form of a joint motion applicable to both parties' appeals) under Rule 42.1(a)(1), or seek
another disposition of the appeal by an agreement complying with Rule 42.1(a)(2). 


 Per Curiam